UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WILLIE K. SANDERS,

                    Plaintiff,

             -vs-

WAYNE COUNTY DSS; *et al.*

                  Defendants.

ORDER

00-CV-6447
09-CV-6120
09-CV-6121
16-CV-6512
18-CV-6552

---

Plaintiff Willie K. Sanders has filed at least five civil lawsuits in this Court since 2000: a discrimination claim against "Wayne County DSS" (00-CV-6647), claims under 42 U.S.C. § 1983 against the City of Rochester and other defendants (09-CV-6120, 09-CV-6121), and claims seeking review of decisions of the Commissioner of Social Security (16-CV-6512, 18-CV-6552). A final judgment has been entered for years in each of these cases. Nevertheless, these matters are again before the Court because on April 22, 2025, Plaintiff filed in each of these cases identical papers styled "reconsideration and recommendation." *See, e.g., Sanders v. Commissioner of Social Security*, 16-CV-6512, ECF No. 18 at 2.[1]

The Court construes pro se submissions liberally and interprets them to raise the strongest arguments they suggest. *See Triestman v. Fed. Bur. of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Here, however, Plaintiff's motion or new claim is "so confused, ambiguous, vague, or otherwise unintelligible that [its] true substance, if any, is well

---

[1] Although this order will reference the page numbers in case number 16-CV-6512, the document Plaintiff filed is the same in all above-referenced matters.

disguised." *Jiggetts v. United Parcel Serv.*, No. 14-CV-8291 (AJN), 2017 WL 1164698, at *4 (S.D.N.Y. Mar. 27, 2017) (quoting *Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir. 1995)). In other words, it is not clear from the papers what Plaintiff is asking the Court to do. Further, not only is the filing itself unclear, but the matter is made even more confusing by the fact that Plaintiff filed the exact same thing in all five of his cases referenced above.

After a thorough review of the substance of Plaintiff's filing, it does not appear that he is seeking reconsideration of the prior cases. Instead, it appears that he is asserting new claims.

To begin with, Plaintiff states "I am confused that this is a reconsideration when it has never been considered." ECF No. 18 at 3. The "it" that Plaintiff references is apparently to his claim that "money was taken that is due me, my car was taken . . . ." *Id.* He asserts that he is the "sole heir of the estate of" his mother, and that "[t]he lawyer who dealt with the estate of [his] mother should not have been the same lawyer representing [his] sister in the matter." *Id.* He also seems to allege that he was framed for a conviction "that resulted in [his] incarceration." *Id.* Further, treatment notes from a medical appointment that Plaintiff included with his submission, and which is dated the same day that Plaintiff filed his papers (April 22, 2025), indicate that Plaintiff "feels as though he is entitled to the estate of his mother and her social security since he was disabled and her sole heir." *Id.* at 5. Thus, rather than pursue his old discrimination or § 1983 claims, or seek reversal of the Commissioner's decisions on his disability claims, Plaintiff seems now to seek money

from his mother's estate, or her Social Security benefits, or both.

However, because the Court is unable to determine what Plaintiff is asking it to do, the present motion must be denied without prejudice. *See, e.g., Trice v. Onondaga Cnty. Just. Ctr.*, 124 F. App'x 693, 694 (2d Cir. 2005) (affirming the district court's dismissal of a complaint that was "confused, ambiguous, vague, or otherwise unintelligible."). If Plaintiff believes he is entitled to some form of relief from a prior judgment, he may refile his motion for reconsideration, making clear which judgment he would like this Court to reconsider, why he believes the earlier judgment was incorrect, and which laws or other cases he believes to support his motion. On the other hand, if Plaintiff is seeking to file a new claim, he must file a new complaint using the complaint form and instructions included with this order.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Plaintiff's motion for reconsideration is DENIED in each of the cases cited in the caption of this Order (00-CV-6447; 09-CV-6120; 09-CV-6121; 16-CV-6512; 18-CV-6552). The Clerk of Court is directed to mail Plaintiff a single copy of this Order, as well as the In Forma Pauperis Application Form, the Non-Prisoner Complaint Form, and the Non-Prisoner Instructions posted on the Court's public website.

SO ORDERED.

Dated:    March 31, 2026
          Rochester, New York

                                        _____
                                        HON. MEREDITH A. VACCA
                                        United States District Judge

3